IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS MOULDER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DAVIS SCHOOL DISTRICT, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE [39] DEFENDANTS' MOTION TO DISQUALIFY COUNSEL** <br><br> Case No. 1:25-cv-00052-TS-CMR <br><br> Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Defendants Davis School District, the Board of Education of Davis School District, Superintendent Sydnee Dickson, and the Utah State Board of Education's (collectively, Defendants) Motion to Disqualify Counsel (Motion) (ECF 39). Specifically, Defendants seek an order disqualifying Amy L. Martz (Ms. Martz or Counsel) from representing Plaintiffs Nicholas Moulder and Barbara Moulder (Plaintiffs) in this action. The court has considered the Motion, Plaintiffs' Response in Opposition (Opposition)[1] (ECF 40) as well as Defendants' Reply to the Motion (ECF 44). Having carefully considered the relevant filings and case law, the court finds that oral argument is unnecessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court enters the following Memorandum Decision and Order.

**I.   BACKGROUND**

---

[1] It appears that the Opposition contains AI-generated data that does not exist in either Westlaw or elsewhere (ECF 44 at 2). Given that Judge Stewart has issued an Order to Show Cause (ECF 54) to address this situation, the court will not address it further here.

1

Defendants seek to disqualify Plaintiffs' counsel, Ms. Martz, from representing Plaintiffs at pre-trial and trial, primarily asserting that under the facts of the case, Ms. Martz is improperly acting as both a lawyer and a witness (ECF 39 at 2). The crux of Defendants' Motion revolves around a conversation which Ms. Martz had with Frank Snowden (Mr. Snowden), a Due Process Hearing Officer (*id*.). Defendants assert that Ms. Martz's conversation with Mr. Snowden involves facts that "are at the core of Plaintiffs' case," effectively fusing her role as an advocate with her role as a witness (ECF 30 at 2).

### A. Ms. Martz's Role as Witness in this Case

Plaintiffs initiated this action on behalf of their minor child, M.M. (Student). This action involves assessing whether Defendants properly provided an education program that appropriately addressed Student's individual needs, considering his disabilities (Amended Complaint or Am. Compl., ECF 35 ¶¶ 1–3). Submitted with the Amended Complaint is an Affidavit[2] signed by Ms. Martz (Affidavit or Aff., ECF 36). In the Affidavit, Ms. Martz recounts a conversation she had with Mr. Snowden (Aff. ¶¶ 6–24). Ms. Martz asserts that in July of 2023, a Due Process Hearing was held under the Individuals with Disabilities Education Act (IDEA), and that Mr. Snowden issued what was thought to be the final Due Process Hearing Decision (Decision) on August 15, 2023, finding Plaintiffs had prevailed (*id*. ¶¶ 6, 9).

In or around July of 2024, Ms. Martz learned that Mr. Snowden was no longer rostered for the State of Utah and reached out to him via email "to inquire about his absence from the roster" (*id*. ¶¶ 13–16). Shortly thereafter, Ms. Martz says she spoke with Mr. Snowden by phone, and during the conversation, Mr. Snowden indicated that he had made a mistake when submitting the

---

[2] Though entitled "Affidavit" the document neither swears under penalty of perjury nor is signed by a notary. It also does not comport with the requirements of an unsworn declaration. *See* 28 U.S.C. § 1746. While Defendants did not object or contest the testimony presented in the "Affidavit," the court will consider the information for the purposes of this Motion, but counsel is admonished to ensure she complies with all requirements going forward.

Decision and had sent an earlier, incomplete version instead of the final decision (*id*. ¶¶ 18–20). Mr. Martz further recounts that Mr. Snowden indicated that, after becoming aware of his mistake, he reached out to the Utah State Board of Education (USBE) to fix the error, but an unnamed USBE employee refused to accept the final decision (*id*. ¶¶ 18–20). Ms. Martz asked Mr. Snowden for the final decision, but he did not commit to sending it, and as of June 24, 2025, Ms. Martz has not received it and does not know its contents (*id*. ¶¶ 24–25).

### B. Plaintiffs' Use of Ms. Martz's Testimony

In this action, Plaintiffs appeal the Decision and assert eleven causes of action (Am. Compl. ¶¶ 227–228, 250–529). Plaintiffs allege that while they "prevailed" at the Due Process Hearing, "the remedy did not make Student whole" (*id*. ¶¶ 236–237). Plaintiffs, however, did not file an appeal of the Decision nor bring a civil action to contest the Decision in state or federal court within the requisite time frames (*see id*. ¶¶ 232–250). Plaintiffs assert that although the time for an appeal is within 90 days of the Decision, the appeal window reopened based on the information Ms. Martz acquired during her conversation with Mr. Snowden (*id*.).[3] Plaintiffs specifically argue that they "have not received a final due Process Hearing Decision with the required thorough analysis of their cause of action under IDEA and may not have received the actual remedy granted by [Mr. Snowden]. Therefore, the 30-day statute of limitations for appeal has never started" (*id*. ¶ 249).

### II. LEGAL STANDARD

"It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole*

---

[3] Although the Amended Complaint does not directly name Ms. Martz, but rather references "attorney for Petitioners" (Am. Compl. ¶ 240), the inclusion of Ms. Martz's Affidavit with the Amended Complaint makes it sufficiently clear that Plaintiffs currently rely on Ms. Martz's testimony to claim that any statute of limitations was never triggered.

3

*v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975)). Disqualification "is a drastic measure and a court should hesitate to impose it except when necessary." *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008) (quoting *Proctor & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998)). "The moving party bears the burden of establishing that disqualification is necessary." *You Li v. Lewis*, No. 1:20-CV-00012-TS-JCB, 2020 WL 3217268, at *1 (D. Utah June 15, 2020).

Motions to disqualify are governed by the local rules of the court in which the attorneys appear and by applying standards developed under federal law. *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890 TS BCW, 2010 WL 11414472, at *3 (D. Utah Aug. 24, 2010). Under this court's local rules, attorneys appearing here are bound by the Utah Rules of Professional Conduct. *See* DUCivR 83-1.5.1(a). In support of their Motion, Defendants cite Rule 3.7(a) of the Utah Rules of Professional Conduct (ECF 39 at 2). Rule 3.7(a) reads as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (a)(1) the testimony relates to an uncontested issue;
> (a)(2) the testimony relates to the nature and value of legal services rendered in the case; or
> (a)(3) disqualification of the lawyer would work substantial hardship on the client.

"A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere." *Broadbent v. Williams*, No. 4:24-CV-00091-DN-PK, 2025 WL 1807940, at *1 (D. Utah July 1, 2025) (quoting *World Youth Day, Inc. v. Famous Artists Merch. Exch. Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994)).

This court has held that the stage of the proceedings at which disqualification is sought is an important consideration. *Gordon v. Jordan Sch. Dist.*, No. 2:17-CV-00677, 2020 WL 4747763, at *2 (D. Utah Aug. 17, 2020) (citing *DP Creations LLC v. Ortiz*, No. 2:19-CV-948 HCN DBP,

2020 WL 1249480, at *3 (D. Utah Mar. 16, 2020)). "[A]lthough Rule 3.7(a) generally bars a necessary witness from acting as an advocate at trial, it does not automatically disqualify such a witness from acting as counsel during pre-trial proceedings." *Id*. Allowing pre-trial participation from counsel is at times appropriate because courts have found that the primary purpose of Rule 3.7(a) is to avoid "jury confusion at trial." *Id*. at *3 (quoting *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003)); *see also* Utah State Bar Ethics Advisory Opinion Committee, 2004 WL 870584, at *2 ("Disqualification is generally limited to the lawyer acting as trial counsel. Assuming no other rule disqualifies the lawyer, the lawyer may represent the client in the pretrial stage of the case in which the lawyer might be called as a necessary trial witness and retain another firm to act as trial counsel."). "Disqualification of counsel from pre-trial activities may nevertheless be appropriate when those activities 'includ[e] obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Gordon*, 2020 WL 4747763, at *3 (quoting *Merrill Lynch*, 239 F. Supp. 2d at 1174).

### III. DISCUSSION

**A. It is uncertain whether Ms. Martz is a necessary witness.**

As a preliminary matter, it appears that both parties agree Ms. Martz is or may be a witness in this matter. The primary contention is whether Ms. Martz is a "necessary" witness. At present, it is not clear that Ms. Martz is a necessary witness; however, as this matter progresses through discovery, that may change.

Defendants assert that Ms. Martz is a necessary witness for several reasons: (1) her conversation appears to be the primary basis for several of Plaintiffs' claims, (2) she is only one of two parties to the conversation between her and Mr. Snowden and the only witness located in Utah, (3) and if Mr. Snowden's testimony differs from hers, she will be the sole witness whose testimony

5

cane be used to impeach Mr. Snowden (ECF 39 at 6–7). Plaintiffs contend that Ms. Martz is not a necessary witness because: (1) she is not a necessary witness to contested facts at trial as her affidavit relates to procedural history and is only necessary to meet federal pleading standards, and (2) her testimony can be established through other means (ECF 40 ¶¶ 5–7).

As stated above, "[a] lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere." *Broadbent*, 2025 WL 1807940, at *1 (quoting *World Youth Day, Inc.*, 866 F. Supp. at 1302).

There appears to be no disagreement that Ms. Martz's testimony regarding her conversation with Mr. Snowden is relevant and material. She is one of only two participants in the conversation with Mr. Snowden concerning the alleged lack of a final decision.

Regarding whether Ms. Martz's testimony is cumulative or obtainable elsewhere is speculative, given the present facts. It remains uncertain whether Mr. Snowden will provide testimony in this case, as it appears no discovery has taken place.[4] Moreover, even if Mr. Snowden provides testimony, it is not yet clear what the substance of that testimony will be. It is entirely possible that Mr. Snowden confirms Ms. Martz's Affidavit, rendering her testimony cumulative and available elsewhere. Thus making Ms. Martz an unnecessary witness.

As indicated by Defendants, however, it is also possible that Mr. Snowden's testimony cannot be obtained, or that his testimony creates certain contradictions with Ms. Martz's testimony. In this scenario, Ms. Martz's testimony would be necessary to establish the facts regarding the finality of the Due Process Hearing. But without further development of Mr. Snowden's availability and the contents of his potential testimony, it is too speculative for the court to order disqualification at present. *See Com. Com. Partners, LLC v. Milliken & Co.*, No. 4:22-CV-00020-

---

[4] An Answer has not yet been filed and therefore no scheduling order has been entered.

JNP-PK, 2022 WL 17093650, at *4 (D. Utah Nov. 21, 2022) (denying motion to disqualify, in part, because while it was possible that counsel would become a necessary witness on a disputed issue, that possibility was merely speculative at that point).

> **B. Pre-trial disqualification is also not warranted at this time, as it is uncertain whether Ms. Martz's pre-trial activities would result in jury confusion.**

Although Rule 3.7(a) is not limited to jury trials, courts have found that its primary purpose is to avoid "jury confusion at trial." *See Gordon*, 2020 WL 4747763, at *3 (citing *Merrill Lynch*, 239 F. Supp. 2d at 1174). Consistent with this purpose, an attorney who may be a necessary witness at trial may still represent the client at the pre-trial stage because "[d]isqualification is generally limited to the lawyer acting as a trial counsel." Utah State Bar Ethics Advisory Opinion Committee, 2004 WL 870584, at *2. "Disqualification of counsel from pre-trial activities may nevertheless be appropriate when those activities 'includ[e] obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Gordon*, 2020 WL 4747763, at *3 (quoting *Merrill Lynch*, 239 F. Supp. 2d at 1174).

While disqualification from pre-trial representation may be appropriate in some instances, Defendants have not established that Ms. Martz's pre-trial activities would result in any jury confusion. Although it is undisputed that Ms. Martz has information regarding the finality of the Decision, it is not clear whether the issue of finality will be presented to a jury. If discovery confirms what Ms. Martz alleges in her Affidavit, her testimony would no longer be needed. If discovery cannot verify Ms. Martz's Affidavit, then the issue may be resolved through a motion addressing any statute of limitations argument or by summary judgment, not by a jury.[5] Thus, disqualifying Ms. Martz from participating in pre-trial activities is unwarranted at this time.

---

[5] Plaintiffs themselves also recognize that Ms. Martz's testimony may be hearsay and would need further support, suggesting there are issues to address prior to use as trial evidence (ECF 40 ¶¶ 7, 10).

Accordingly, even assuming Ms. Martz possesses relevant information regarding the circumstances surrounding the Decision, it is too speculative to conclude that her involvement in pre-trial matters will result in jury confusion at trial.

## IV.   CONCLUSION

In summary, under the present facts, the court finds that disqualification is not currently warranted. The court acknowledges that circumstances in this case may change as discovery proceeds, and the matter may need to be revisited. Accordingly, the Motion will be denied without prejudice. As advised by the Utah State Bar Ethics Advisory Opinion Committee, throughout the case, Ms. Martz "must evaluate the facts to determine whether she is a necessary witness under Rule 3.7 and, to protect her client's interests, prepare for the possibility she may need to withdraw or that she might be disqualified and new trial counsel be brought in." Utah State Bar Ethics Advisory Opinion Committee, 2004 WL 870584, at *2.

For the foregoing reasons, the court hereby **DENIES** Defendants' Motion to Disqualify Counsel (ECF 39) without prejudice.

IT IS SO ORDERED.

DATED this 10 March 2026.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah