IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS AND BARBARA MOULDER for and on behalf of minor child M.M., <br><br> Plaintiffs, <br><br> v. <br><br> DAVIS SCHOOL DISTRICT, DAVIS SCHOOL DISTRICT BOARD OF EDUCATION, SUPERINTENDENT SYDNEE DICKSON, SUPERINTENDENT DAN LINFORD, AND UTAH STATE BOARD OF EDUCATION, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS <br><br> Case No. 1:25-CV-00052-TS-CMR <br><br> District Judge Ted Stewart <br> Magistrate Judge Cecilia M. Romero |

On March 11, 2026, counsel for Plaintiffs, Tyler Ares and Amy Martz, appeared before the Court on an Order to Show Cause[1] after Defendants' counsel discovered two non-existent cases and one non-existent quote cited in Plaintiffs' briefing. Prior to hearing, the Court also ordered Defendants' counsel to provide an estimate of the legal expenses incurred in responding to the Order to Show Cause. Defendants' counsel informed the Court that, after initially discovering the non-existent cases, they reached an agreement with Plaintiffs' counsel whereby Mr. Ares and Ms. Martz agreed to reimburse $1,525.50 in legal fees to resolve the issue.[2] However, since then, Defendants' counsel assert that they incurred an additional $5,568.50 in legal expenses related to the Order to Show Cause.[3]

---

[1] Docket No. 54 (the Court ordered Plaintiffs' counsel to show cause as to why they should not be sanctioned pursuant to Fed. R. Civ P. 11(c) for violation of Rule 11(b)).

[2] Docket No. 64, at 2.

[3] *Id.*

At the hearing, Plaintiffs' counsel admitted to using Artificial Intelligence (AI) in preparing their arguments and that each failed to independently verify the existence and accuracy of the two non-existent cases. Plaintiffs' counsel accepted full responsibility for their lack of oversight and conceded their actions fell short of their obligations under Rule 11(b). Counsel explained to the Court the measures and controls they have implemented to avoid a similar issue from reoccurring, including purchasing software to help verify citations and employing additional staff. Plaintiffs' counsel, both solo practitioners, also emphasized their moderate financial resources and the significant financial impact they have felt by reimbursing some of Defendants' counsels' legal expenses and by purchasing new software. Additionally, upon questioning from the Court, Defendants' counsel declined to request the full amount of legal expenses they incurred by motion, and stated they would leave that determination to the discretion of the Court.

Rule 11(b) provides, in relevant part, that by presenting any pleading, motion or other paper to the court, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law."[4] This professional responsibility is nondelegable.[5] Just as many other courts around the nation have emphatically concluded, the Court reaffirms that a fake opinion generated by AI is not "existing law" that can

---

[4] Fed. R. Civ. P. 11(b).

[5] *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation.").

support a party's legal contention.[6] The Court takes misuse of AI, and the harm flowing therefrom, very seriously. As one court has stated:

> The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.[7]

The Court finds that Plaintiffs' counsel, Tyler Ares and Amy Martz, violated their professional responsibilities under Rule 11(b) by failing to reasonably verify the existence and accuracy of the two non-existent cases, both of which were cited as supporting Plaintiffs' position. Accordingly, the Court will impose sanctions pursuant to Rule 11(c)(1).

In light of counsels' sincerity and acceptance of responsibility, and having already reimbursed Defendants' counsels' legal expenses in the amount of $1,525.50,[8] the Court hereby ORDERS Ms. Martz and Mr. Ares to successfully complete two (2) continued learning education (CLE) courses relating to AI ethics and professional responsibility within the legal profession. It is further ORDERED that Ms. Martz and Mr. Ares submit to the Court proof of successful completion within six (6) months from the date of this Order.

//

---

[6] *See e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023); *Garner v. Kadince, Inc.*, 2025 UT App 80, ¶ 10, 571 P.3d 812.

[7] *Mata*, 678 F. Supp. at 448–49; *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.") (internal quotation marks and citation omitted).

[8] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[P]artial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources.").

DATED March 23, 2026.

BY THE COURT:

Ted Stewart
United States District Judge